

OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

JOHN CORNYN

February 26, 1999

The Honorable Jeff Wentworth
Chair, Committee on Nominations
Texas State Senate
P.O. Box 12068
Austin, Texas 78711

Opinion No. JC-0006

Re: Whether the resign-to-run provision in Water Code section 49.072 applies to a member of the Board of Directors of the Edwards Aquifer Authority (RQ-1205)

Dear Senator Wentworth:

You ask whether the resign-to-run provision in chapter 49 of the Water Code applies to the directors of the Edwards Aquifer Authority ("Authority"). The resign-to-run provision does apply to directors of the Authority, but a director who is disqualified under that provision will continue to perform the duties of his office pursuant to article XVI, section 17 of the Texas Constitution until his successor qualifies for office.

The Authority was created by a special law adopted in 1993.[1] Initially, its directors were appointed, but in 1995 the law was amended to require the election of directors.[2] You inform us that on January 2, 1998, an elected member of the Board of Directors ("board") of the Authority filed as a candidate to run for the office of state representative. He was defeated in the primary election in March 1998 and has remained on the board of the Authority since that time. The board is concerned that section 49.072 of the Water Code prevents this director from continuing to serve. This provision reads as follows:

(a) A person serving as director of a district who becomes a candidate for another office is no longer qualified to serve as director.

(b) In this section, "candidate" has the meaning assigned by Section 251.001, Election Code.

TEX. WATER CODE ANN. § 49.072 (Vernon Supp. 1999). *See* Tex. Att'y Gen. Op. No. DM-493 (1998) (discussing constitutionality of Water Code section 49.072 under article XV, section 7 of the Texas Constitution).

---

[1]Act of May 30, 1993, 73d Leg., R.S., ch. 626, 1993 Tex. Gen. Laws 2350.

[2]Act of May 29, 1995, 74th Leg., R.S., ch. 261, 1995 Tex. Gen. Laws 2505.

Chapter 49 "applies to all general and special law districts to the extent that [its provisions] do not directly conflict with a provision in any other chapter of this code or any Act creating or affecting a special law district." TEX. WATER CODE ANN. § 49.002 (Vernon Supp. 1999). *See Loyd v. Eco Resources, Inc.*, 956 S.W.2d 110, 122 (Tex. App.–Houston [14th Dist.] 1997, no pet.) (section 49.066(a) of Water Code chapter 49 on sovereign immunity applies to MUD). The specific provisions in the other chapter or act prevail in the event of a conflict. TEX. WATER CODE ANN. § 49.002 (Vernon Supp. 1999). The districts subject to chapter 49 include "any district or authority created by authority of . . . Section 59, Article XVI, Texas Constitution, regardless of how created." *Id.* § 49.001(a)(1). The Authority, created pursuant to article XVI, section 59 of the Texas Constitution,[3] is subject to section 49.072 to the extent that this provision does not directly conflict with another provision in the Water Code or in the act creating the Authority.

We have found no other provisions in the Water Code that conflict with section 49.072, nor do we find any in the special law establishing the Edwards Aquifer Authority. The act governing the Authority includes provisions on electing directors and filling vacancies, but no provision addresses candidacy for another office. Accordingly, section 49.072 applies to the directors of the Authority.

A person who files an application for a place on a ballot is a candidate within section 251.001 of the Election Code and is therefore a candidate for purposes of section 49.072 of the Water Code. When the director of the Authority filed as a candidate for the office of state representative, he became disqualified to serve on the board and vacated his position on the board. *See* Tex. Att'y Gen. Op. No. DM-493 (1998) (discussing effect of Water Code § 49.072); Tex. Att'y Gen. LO98-29, at 5 (vacancy created upon disqualification). Section 49.105 provides that "all vacancies on the board . . . shall be filled for the unexpired term by appointment of the board." TEX. WATER CODE ANN. § 49.105(a) (Vernon Supp. 1999).

You have informed us that the disqualified director has remained on the board since his defeat in the primary election in March 1998. Article XVI, section 17 of the Texas Constitution provides that "[a]ll officers within this State shall continue to perform the duties of their offices until their successors shall be duly qualified." TEX. CONST. art. XVI, § 17. Pursuant to this provision, the director in question will continue to perform the duties of his office until his successor has been appointed and qualifies for office. *See* Tex. Att'y Gen. LO98-29, at 5-6.

---

[3]Act of May 30, 1993, 73d Leg., R.S., ch. 626, § 1.02, 1993 Tex. Gen. Laws 2350, 2351.

## S U M M A R Y

A director of the Edwards Aquifer Authority who filed as a candidate to run for another office is subject to section 49.072 of the Water Code, providing that a director who becomes a candidate for another office is no longer qualified to serve as director. His disqualification as director creates a vacancy to be filled by the board, but the disqualified director will continue to perform the duties of his office pursuant to article XVI, section 17 of the Texas Constitution until his successor has qualified for office.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General